UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| EARL HAYWOOD BEY, III, | ) | CASE NO. 1:14 CV 685 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JOHN DOE, Hearing Officer, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |


**INTRODUCTION**

On March 28, 2014, plaintiff *pro se* Earl Haywood Bey, III filed the above-captioned *in forma pauperis* action against John Doe and the City of Cleveland.  Brey describes Doe as a hearing officer of the City of Cleveland.

The Plaintiff alleges in the complaint that he received notice of parking infraction in the mail from the City of Cleveland Parking Violations Bureau, stating a rental/leasing company had provided information that plaintiff had been in control of a vehicle when it was ticketed.

Plaintiff further alleges he attended a hearing presided over by defendant John Doe, but

objected that the hearing officer lacked personal jurisdiction because plaintiff is "a lawful Citizen/Member of the Corporate and 'Body Politic' Moorish Science Temple of America, Inc. as our nation is part and partial to the said government as we retain our sovereignty." Complaint, p.2.  At the hearing, Plaintiff asserted that his right to due process was violated, but the hearing officer nonetheless fund him to be liable for the ticket.

Plaintiff cites 18 U.S.C. § 242[1] and 18 U.S.C. § 3771[2] in support of his claim.  He also challenges the constitutionality of Ohio Revised Code § 4521.08, on the ground that it is vague, on the ground that it allows unqualified hearing officers, and on the ground that it does not require the accusing officer to appear at hearings.[3]  He seeks damages and an order vacating the finding of liability.  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).


**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis

---

[1]  18 U.S.C. § 242 criminalizes deprivation of any person's civil rights "under color of any law, statute, ordinance, regulation, or custom."

[2]  18 U.S.C.  § 3771 provides rights to crime victims in connection with legal proceedings of accused and convicted perpetrators.

[3]  Ohio Revised Code § 4521.08 regulates procedures and proceedings, including appeals, of parking tickets in Ohio.

in law or fact.[4]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The pleading standard Rule 8 does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Id.*  Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.*  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain

---

[4]     An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without  service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

## LAW AND ANALYSIS

Parking violations in Ohio are civil in nature and thus not governed by the same due process protections accorded in criminal proceedings, including the right to confront one's accuser. *Gardner v. City of Columbus*, 841 F.2d 1272, 1279 (6th Cir. 1988). Further, the federal statutes cited by plaintiff do not provide for a civil cause of action. Thus, even construing the complaint liberally, plaintiff does not set forth a valid federal claim. *See*, *e.g.*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Moreover, United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Instead of suing in federal district courts,

plaintiff can challenge state court judgments only in the United States Supreme Court, by appeal or by writ of certiorari.  *Id.*  Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing a case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the claim that the state judgment itself violates federal rights.  *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).  Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action.  *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562 *2 (6th Cir. Sept. 28, 1999); *see also, Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).


**CONCLUSION**

Accordingly,  this action is dismissed pursuant to 28 U.S.C. § 1915(e) .  The court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: June 13, 2014                          *s/            James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE